**LEANO of Leone, Plaintiff**

v.

**LETI of Nuuuli, Defendant**

No. 27-1949

High Court of American Samoa

Civil Jurisdiction, Trial Division

[Matai Name: "Poloa" of Leone]

September 1, 1949

---

A. A. MORROW, *Chief Justice;* TIUMALU, *District Judge;* and MALEPEAI, *District Judge.*

DECISION

Heard at Fagatogo August 22, 1949.
Atofau for Leano; Leti *pro se.*

MORROW, *Chief Justice.*

The right to the succession of the matai name Poloa of Leone is to be determined in this proceeding. Leti of Nuuuli filed his application with the Registrar of Titles to

be registered as the holder of the Poloa title. Leano of Leone filed an objection to the proposed registration and became a candidate for the name. Hence this litigation. Sec. 926 of the A. S. Code prescribes the requirements for eligibility to hold a matai name. The evidence shows that each of the candidates meets all these requirements and is eligible for registration as the holder of a matai title.

Sec. 933 of the Code provides:

"In the trial of matai name cases, the High Court shall be guided by the following in the priority listed:

(a) The wish of the majority or plurality of the family;

(b) The forcefulness, character, personality and capacity for leadership of the candidate;

(c) The best hereditary right in which the male and female descendants shall be equal in the family where this has been customary, otherwise, the male descendant shall prevail;

(d) The value of the holder of the matai name to the Government of American Samoa."

Each candidate filed a petition with the court purporting to be signed by various members of the Poloa family in support of his candidacy. There were 113 names on the petition for Leano and 49 on Leti's. Leti claimed that 58 of the signers on Leano's petition were not members of the family. Leano claimed that 31 on Leti's petition were non-family members. If we were to concede for the sake of argument that all of the signers on Leti's petition were members of the family and that all of the 58 on Leano's petition claimed by Leti not to be members of the family, were not, it still would follow that a majority of the family favor Leano to hold the title. One hundred and thirteen less 58 or 55 exceeds 49. We reach the conclusion from the evidence that a majority of the family wish Leano to be registered as the Poloa. We find therefore that she prevails over Leti on the first issue.

Poloa Lui who was the last holder of the title was removed therefrom by the Governor upon the advice of the County Chief and District Governor in accordance with the provisions of Sec. 934 of the Code. It appeared from the evidence that Leti circulated the petition to get Poloa Lui removed and that he did so not with the object of helping the family but for the selfish purpose of getting the title himself. The removal of Poloa Lui was legal, he having been in the United States for a period of more than six months prior to the removal and not engaged in performing the duties of a public officer of American Samoa. While Leti's participation in securing the removal of Poloa Lui was also legal nevertheless the object with which he did it has alienated many members of the family from him since his actions were for a selfish purpose and not to help the family.

Leti testified that he was 58 years of age; that he was married in 1904 and that at the time of his marriage he was 20 or 21. We believe that he is about 65. When he was 9 or 10 he left Leone to live in Nuuuli and has lived there ever since. Of course he has not lived in the Poloa family during any part of his approximately 55 years of residence in Nuuuli. He reached the 6th or 7th grade in a faifeau's school. He does not speak English. During the war he was foreman of a road gang. He was also foreman of a gang of workmen employed to build the reservoir for the Naval Station many years ago. For a short time he was a movie actor here at $2.50 per day. He has plantations from which he sells produce. He testified that he had an income of $500.00 to $600.00 per year.

Leano is 34 years of age and the mother of six children. She testified that she did washing for palagis during the war and earned as much as $50.00 a week at it. She has plantations on Poloa land and cuts copra from Poloa land. She makes mats. She speaks English. She testified that she

had an income of $500.00 per month. The court it may be stated in passing did not believe this latter part of her testimony.

Leti is in his declining years. He has lived away from the Poloa family for about 55 years. He does not live on Poloa land. Leano is in the prime of life and has lived in the Poloa family. She is acquainted with its affairs. The court had an opportunity to observe both candidates during the hearing. It is our conclusion from the evidence and our observations that Leano prevails over Leti on the issue of forcefulness, character, personality and capacity for leadership and we so find.

Leti is the son of Poloa Neli. He has one half Poloa blood in his veins. Leano is the great granddaughter of Poloa Fualemilo. She has one eighth Poloa blood in her veins. Leti prevails over Leano on the issue of best hereditary right.

The value of the holder of a matai title to the Government of American Samoa depends mostly upon his ability to look after the affairs of his family. That ability in turn depends upon his forcefulness, character, personality and capacity for leadership. In view of Leti's part in securing the removal of Poloa Lui from the Poloa title we believe that he would have a great deal of difficulty in getting the Poloa family to live together in peace and harmony. Going around behind Lui's back when he was absent in the States for selfish purposes would make it well nigh impossible for him to get the majority of the family who favor Leano for the title (Leano is the blood sister of Poloa Lui) to live together in peace and harmony with the members of the family supporting Leti. Also in view of our findings on the second issue we think that Leano will be of more value to the Government as the Poloa than will Leti. We find that Leano prevails over Leti on the fourth issue.

514

In view of the fact that we find that Leano prevails over Leti on the first, second and fourth issues it follows that under the provisions of Sec. 933 above quoted we must award the title Poloa to Leano.

It is ORDERED, ADJUDGED and DECREED that Leano be registered as the holder of the title Poloa of Leone. The Registrar of Titles will be advised of this decree.

Costs in the sum of $25.00 are hereby assessed against Leti, the same to be paid within 30 days.